JOHN DULIN V. THE METROPOLITAN STREET-RAILWAY COMPANY.

No. 14,330.    (83 Pac. 821.)

STREET-RAILWAYS—*Injury to Traveler—Demurrer to Evidence— Question for a Jury.* Where the defendant's motor-man persisted in running a street-car toward plaintiff's frightened horse and unnecessarily and loudly sounding the gong, the danger to plaintiff being apparent, it was held that it could not be said as a matter of law that the motor-man was free from culpable negligence.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed December 9, 1905. Reversed.

*T. P. Anderson,* for plaintiff in error.
*Miller, Buchan & Miller,* for defendant in error.

*Per Curiam:* In driving along a street of Argentine John Dulin's horse was frightened and ran away, throwing him out of his cart, injuring him, and damaging his property. He sued the Metropolitan Street-railway Company, claiming that the injury and loss were caused by the negligent operation of a street-car. There was testimony that the street-car approached Dulin running more rapidly than he was driving; that the motor-man sounded the gong very loudly, and the horse became frightened at the car, and pranced and jumped about; that, although the danger to Dulin was

Dulin v. Railway Co.

apparent, the motor-man continued to run his car toward the frightened horse, and to ring the gong loudly; and that the horse then became unmanageable and ran away, throwing Dulin out, and causing the injury and loss for which recovery is sought. The trial court sustained a demurrer to the plaintiff's evidence.

If the danger to Dulin was apparent, and was, or should have been, known to the motor-man, and he persisted in running the car toward the frightened horse, and in unnecessarily and loudly sounding the gong, it cannot be said that he was free from culpable negligence. Under such circumstances he should have done what he reasonably could do to avert the threatened danger to Dulin. There is testimony fairly tending to show that this was not done, and whether he was guilty of such negligence as would make the company liable for the loss was a question for the jury. The taking of the case from the jury was therefore an error, for which the judgment is reversed, and the cause remanded for a new trial.